**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 18 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENH CIRCUIT**

LUPIJOE PEREZ, ERNEST D.
SMITH, CHARLES RICHARD,

        Plaintiffs,

    and

GEORGE A. WILLIAMS,

        Plaintiff-Appellant,

v.

EL PASO COUNTY, EL PASO
COUNTY SHERIFF'S
DEPARTMENT; JOHN W.
ANDERSON, Sheriff; MAJOR
ALEXANDER, CAPTAIN HUNT,
CAPTAIN SANTIAGO,
LIEUTENANT BOERJON,
SERGEANT KING, SERGEANT
NUTTING, SERGEANT HOUGHEY,
FRAN LEPAGE,

        Defendants-Appellees.

No. 97-1349
(District of Colorado)
(D.C. No. 96-Z-1359)

**ORDER AND JUDGMENT**[*]

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before **BALDOCK**, **EBEL,** and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

Plaintiffs Lupijoe Perez, Ernest D. Smith, George Williams, and Charles R. Corner (the "Plaintiffs") initiated this action against the County of El Paso, El Paso County Sheriff's Office, and numerous individuals within the sheriff's office, by filing a complaint pursuant to 42 U.S.C. § 1983. The Plaintiffs alleged that their constitutional right of access to the courts was denied while they were incarcerated in the El Paso County Criminal Justice Center Detention Facility (the "Detention Facility"). Specifically, Plaintiffs alleged that the defendants severely restricted their access to a law library and phones used to make legal calls, failed to provide adequate legal assistance, and maintained an inadequate law library. The district court granted summary judgment to the defendants, concluding that Plaintiffs had failed to allege a sufficient injury-in-fact to satisfy the standard set forth by the Supreme Court in *Lewis v. Casey*, 116 S. Ct. 2174, 2180 (1996) and that Plaintiffs had failed to adduce any evidence that the legal facilities at the Detention Facility denied them meaningful access to the courts.

In a rambling and completely incomprehensible *pro se* brief Williams appeals the district court's grant of summary judgment to the defendants. Williams' brief lists the issue on appeal as "The system has become oppressive. We'll never gain the opportunity to colonize Mars this way," fails to cite to a single relevant authority, and fails to allege any specific injury arising from the legal access system at the Detention Center. Upon *de novo* review of Williams' frivolous appellate brief, the defendants' response thereto, the magistrate's Report and Recommendation, the district court's Order, and the entire record on appeal, this court affirms for substantially the reasons set forth in the Report and Recommendation and district court Order.

The judgment of the United State District Court for the District of Colorado is hereby **AFFIRMED**. This appeal is frivolous under 28 U.S.C. § 1915(g) and therefore constitutes a "prior occasion" within the meaning of that section. All outstanding motions are denied.

ENTERED FOR THE COURT:


Michael R. Murphy
Circuit Judge